IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBIE FINGERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:09CV00054 SWW |
| | * | |
| PALESTINE-WHEATLEY SCHOOL DISTRICT NO. 23, ET AL., | * | |
| | * | |
| | * | |
| Defendants | * | |

**Opinion and Order**

Before the Court is defendants' motion for relief from judgment to which plaintiff responded. Defendants filed a reply to the response.

Plaintiff was employed by separate defendant Palestine-Wheatley School District No. 23 ("the District"). She filed a complaint for employment discrimination against defendants in 2009. The parties settled the dispute in August 2010, and on September 8, 2010, the parties executed a written release. On September 14, 2010, the Court entered an order dismissing the case.

Defendants state that shortly thereafter, the Arkansas Teacher Retirement System ("ATRS") filed a claim against the District, alleging that it owed additional sums to be paid to and on plaintiff's retirement account. After a hearing on the claim, the ATRS hearing officer found that the District owed the additional sum. The District appealed to the ATRS board, and at that hearing, the District argued that it had paid its full and complete obligation to plaintiff as evidenced by the settlement agreement. The ATRS board affirmed the decision of the hearing officer. Defendants appealed the matter in St. Francis County circuit court, and on October 31,

2014, court affirmed the findings of the ATRS hearing officer. On February 18, 2015, defendants filed a notice of appeal of the state court decision.

As announced by the Court, the terms of the settlement included the following:

> THE COURT: The settlement is that the Defendants will pay to the Plaintiff the sum of $275,000, and that is all inclusive of her claims, known and unknown, whether they're ripe or not ripe, every claim that she could have had up until this date, and it includes attorneys' fees and costs and everything associated with this lawsuit as well.

The Release provides that defendants are released and discharged "from any and all claims, demands, debts, dues or causes of action, whether known or unknown, arising out of [plaintiff's] employment relationship [with] Palestine Wheatley School District No. 23 and/or relationship with the above mentioned individuals from the beginning of time to the date of this Release."

Defendants move the Court pursuant to Federal Rule of Civil Procedure 60(b)(5) to find that any monies due to the ATRS are the obligation of plaintiff and to relieve defendants from the financial obligation they say was improperly imposed by the ATRS. Plaintiff agues the Court should abstain from ruling in this matter because there is an on-going state proceeding.

The *Younger* abstention doctrine directs federal courts to abstain from hearing cases when
 (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996). If these three elements are satisfied, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics*

*Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982). The Court finds the proceeding brought by the ATRS satisfies the *Younger* conditions and denies the motion.

IT IS THEREFORE ORDERED that the motion for relief from judgment or order [ECF No. 18] is denied.

DATED this 11th day of March, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE